# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH PUSKARIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0991-HE |
| | ) | |
| PATTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Joseph Puskaric, a state prisoner appearing through counsel, brought this action pursuant to 42 U.S.C. § 1983. He asserts claims for violation of his constitutional rights against defendant Robert Patton, in his individual capacity and in his official capacity as the director of the Oklahoma Department of Corrections ("DOC"). He asserts claims against Diana Bilbo, Scott Jay, and John Does in their individual capacities and in their official capacities as officers or employees of Beckham County, Oklahoma. Plaintiff alleges these defendants showed deliberate indifference to his serious medical needs while he was a pretrial detainee in the Beckham County Detention Center and while he was in DOC custody.

Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Bernard M. Jones, who has recommended that motions to dismiss be granted as to the claims against Robert Patton in both his individual and official capacities. He recommends granting the motions to dismiss as to the official capacity claims against defendants Jay and Bilbo (i.e. those against Beckham County) and also the individual

capacity claim against Sheriff Jay.[1] Judge Jones further recommended that the motion to dismiss be denied as to the individual capacity claim against defendant Bilbo.

The parties were advised of their right to object to the Report and Recommendation by September 1, 2016. No objections have been filed. The parties have therefore waived any right to appellate review of the factual and legal issues raised in the Report and Recommendation. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059–60 (10th Cir. 1996); *see* 28 U.S.C. § 636(b)(1)(C). Therefore, and for substantially the reasons stated in the Report and Recommendation,[2] the court **ADOPTS** the Report and Recommendation [Doc. #14], a copy of which is attached to this order. The motions to dismiss are **GRANTED** to the extent stated in the report. Plaintiff's claims against Robert Patton in his individual and official capacities are **DISMISSED**. The official capacity claims against Jay and Bilbo are **DISMISSED**, as are the individual capacity claims against Sheriff Jay.

The claims against defendant Bilbo in her individual capacity and those against the

---

[1] *The Report and Recommendation contains an inconsistency as to treatment of the official capacity claims against the Beckham County defendants. The body of the report recommends granting the motions to dismiss as to the official capacity claims. Doc. #14 at 9-10. However, the summary reference in the "recommendation" section of the report indicates the motions should be denied. Doc. #14 at 16. However, the substance of the report makes clear the conclusion that an official capacity claim has not been stated against Beckham County (i.e. there was no allegation of a policy or custom upon which county liability might be based), and the recommendation that the motions to dismiss be granted as to these claims.*

[2] *It appears the plaintiff may now be back in the custody of the DOC, potentially impacting the issue of whether claims for prospective injunctive relief are necessarily moot. However, as the complaint plainly fails to state a basis for claim supporting such relief, the result is the same.*

John Doe defendants remain for resolution. This case is re-referred to Magistrate Judge Jones for further pretrial proceedings as to those claims.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE